UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| LINDA SIEBER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CAWLEY & BERGMANN, LLP and CAVALRY SPV I, LLC, <br><br> Defendants. | Case No.: 15-cv-988 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Linda Sieber is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Defendant Cawley & Bergmann, LLP ("Cawley") is a debt collection agency with its principal offices at 117 Kinderkamack Road, Suite 201, River Edge, NJ 07661.

6. Cawley is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Cawley is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Cawley is a debt collector as defined in 15 U.S.C. § 1692a.

8. Defendant Cavalry SPV I, LLC ("Cavalry") is a foreign limited liability company with its principal place of business located at 500 Summit Lake Drive, Ste 400, Valhalla, NY 10595.

9. Cavalry is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time Cavalry acquires them.

10. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

11. Cavalry uses third party debt collectors, including Cawley, to collect allegedly defaulted debts that have been assigned to Cavalry.

12. A company meeting the definition of a "debt collector" under the FDCPA (here, Cavalry) is vicariously liable for the actions of a second company collecting debts on its behalf. *Pollice*, 225 F.3d at 404-05 (holding that cases holding assignee vicariously liable for its attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v. Arrow*

2

*Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (following *Pollice*, disagreeing with *Scally*); *contra Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

13. Cavalry, directly or indirectly, is a debt collector under the above arrangement and is jointly responsible for Cawley's actions. 15 U.S.C. § 1692a(6).

**FACTS**

14. Plaintiff entered into a consumer transaction with "Synchrony Bank/Ashley Furniture" for a personal credit card account.

15. Prior to June 10, 2015, Plaintiff's account with Synchrony Bank/Ashley Furniture went into default.

16. Prior to June 10, 2015, and after Plaintiff's account with Synchrony Bank/Ashley furniture was in default, Synchrony Bank/Ashley Furniture sold or otherwise assigned the ownership rights to Plaintiff's account to Cavalry.

17. On or about June 10, 2015, Cawley mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Cavalry SPV I, LLC" and originally owed to "Synchrony Bank/Ashley Furniture." A copy of this letter is attached to this complaint as Exhibit A.

18. The alleged debt identified in Exhibit A is an alleged credit card debt, allegedly originally owed to "Synchrony Bank/Ashley Furniture" and currently owed to "Cavalry SPV I, LLC" and used only for personal, family or household purposes.

19. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

20. Upon information and belief, Exhibit A is a form debt collection letter used by Cawley to attempt to collect alleged debts.

21. Exhibit A contains the following text:

3

| Single Payment Option: | 3 Month Payment Plan: |
|---|---|
| Take **$2,563.59** off the balance.<br><br>Pay **$3,262.75** no later than 07/17/15.<br><br>Your account will be considered **"Settled in Full"** after we post your payment.* | ➢ Take **$1,980.96** off the balance.<br>➢ Pay over 3 equal monthly installments of **$1,281.79**.<br>➢ First Payment due no later than **07/17/15** and every 30 days thereafter.<br>➢ Your account will be considered **"Settled in Full"** after we post your final payment.* |

Exhibit A.

22. The letter purports to offer a settlement of about 56% or 66% of the total alleged debt.

23. The settlement offers in Exhibit A falsely state or imply that the respective settlement offer is valid only if payment is received "no later than 07/17/15" or "First Payment due no later than 07/17/15 and every 30 days thereafter."

24. Upon information and belief, Cawley had authority from Cavalry to settle consumers' accounts for 56% or 66% of the amount owed, or less, at any time.

25. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

26. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

4

27. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

28. Defendant did not use the safe harbor language in Exhibit A.

29. Upon information and belief, the deadline in Exhibit A to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

30. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

32. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

33. Cavalry, who purchased the Plaintiff's and class members' alleged debts after those debts were in default, is vicariously liable for Cawley's actions in collecting debts on its behalf. *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404-05 (3d Cir. 2000) (holding that cases holding assignee vicariously liable for its attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D.

Ill. 2006) (following *Pollice*, disagreeing with *Scally*); *contra Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

## COUNT I – FDCPA

34. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

35. <u>Exhibit A</u> includes false statements to the effect that the settlement offer payment(s) must be received by a specific date.

36. Upon information and belief, the creditor and/or Cawley would settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

37. Defendants violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

38. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u>, (c) seeking to collect a debt for personal, family or household purposes, (d) allegedly owed to Cavalry, (e) on or after August 18, 2014, (f) that was not returned by the postal service.

39. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

40. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

41. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

44. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 18, 2015

**ADEMI & O'REILLY, LLP**

By: s/ Denise L. Morris
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com

7

dmorris@ademilaw.com